JULIANA GARCÍA TÓRRES Y APOLONIA RIVERA GARCÍA, demandantes y apelantes, *v.* LA SUCESIÓN DE JOSEFA GARCÍA RIVERA, GENEROSO A. FLORES E ISABEL GARCÍA, demandada y apelada.

No. 4001.—*Visto:* Enero 20, 1927. *Resuelto:* Abril 29, 1927.

ESTOPPEL—IMPEDIMENTO EN EQUIDAD *(Equitable Estoppel)*—FUNDAMENTOS O CAUSAS DEL ''ESTOPPEL''—ADMISIONES EN GENERAL—ACTUACIÓN BAJO DICHAS ADMISIONES.—Cuando el vendedor tiene oportunidades, no obstante sus propias admisiones, de informarse de la condición de su título y el comprador, actuando bajo dichas admisiones, adquiere el título y finalmente obtiene la inscripción de la finca, aquél no puede quejarse de que la venta no se llevó a efecto conforme a la intención con que creyó haberla realizado el comprador.

SENTENCIA de *Rafael López Antongiorgi,* J. (Guayama), declarando sin lugar demanda sobre nulidad de expediente de dominio y otros extremos, sin costas. *Confirmada.*

M. *Guzmán Texidor,* abogado de las apelantes; *B. Fernández García,* abogado de la apelada.

El Juez Asociado Señor Franco Soto, emitió la opinión del tribunal.

Juliana García Tórres y Apolonia Rivera vendieron a Josefa García Rivera una casa radicada en el pueblo de Cayey.   La escritura se otorgó en julio 30, 1915, y en la cláusula en que se describe la finca se dice que la casa estaba sita en solar del municipio de Cayey.   La venta se hizo por la suma de $1,200, recibiendo los vendedores $700, y el resto de $500 quedó aplazado y garantizado con hipoteca sobre la misma finca.   En diciembre 13, 1916, la compradora pagó los $500 aplazados y las vendedoras al otorgar carta de pago y la cancelación del gravamen, expresaron que la casa estaba radicada "en un solar propio."   En la primera escritura, por la cláusula 2ª, se estipuló que como la propiedad carecía de título escrito inscribible, la compradora podía justificar el dominio e inscribir por los medios que autorizaba la Ley Hipotecaria.   La compradora así lo hizo: promovió una información de dominio en la que se citó personalmente a Juliana García Tórres, y a Apolonia Rivera, por encontrarse ausente en los Estados Unidos, se le hizo la citación por edictos.   La corte inferior aprobó la información y ordenó la inscripción.

Juliana García Tórres y Apolonia Rivera, esposa e hija respectivamente, de Andrés Rivera Orellana, habían adquirido a su vez la finca por fallecimiento de Orellana, y habiendo descubierto luego de hacer la venta y de las manifestaciones contenidas en las escrituras antes referidas, que el solar de la casa estaba inscrito en el registro de la propiedad a nombre de su causante, y fundándose en estos hechos, establecieron este pleito pidiendo la nulidad del expediente de dominio y la reivindicación del solar.

La defensa de los demandados se limitó a sostener que los demandantes estaban impedidos de alegar que les pertenecía el solar, por las admisiones que habían hecho las demandantes en las escrituras de venta y cancelación referidas.

La corte inferior sostuvo la defensa de *estoppel* alegada por los demandados y declaró sin lugar la demanda.

La cuestión, por tanto, que toca resolver en este caso es determinar cuál pudo ser la verdadera intención de las partes bajo las circunstancias en que se verificó la venta, o sea, si el traspaso se limitó solamente a la casa o si comprendió también el solar en que aquélla estaba enclavada.

La teoría de la demanda es que las demandantes nunca vendieron el solar én que estaba enclavada la casa y que solamente a esta última se limitó el traspaso y sostienen las apelantes en su alegato que estaban equivocadas y que así actuaron en sus manifestaciones, ignorando que sus derechos legales emanaban del registro. · Aceptando simplemente que así ocurriera, ellas estaban impedidas (*estopped*) de establecer su acción en ausencia de' una demostración en cuanto a la falta de una oportunidad razonable para haber comprobado los hechos relatados en relación con la transacción y que luego descubrieron que no eran ciertos. Ningún esfuerzo aparece hecho en tal sentido en los autos por las demandantes. Como cosa la más natural, ya que se trata de un *estoppel,* en armonía con la equidad de donde nace esta defensa, debe presumirse que cada persona está más familiarizada con los derechos que le pertenecen, partiendo de que han tenido una oportunidad razonable ·para conocerlos, y nada podía ser más accesible al abuso permitiendo reclamaciones de la naturaleza que nos ocupa, en oposición a circunstancias como las que se presentan en este caso, por la mera pretensión de que los reclamantes estaban ignorantes de su título.

La escritura de compraventa se otorgó en julio 30, 1915, donde se relata que el solar pertenecía al Municipio de Cayey. En diciembre 13, 1916, las apelantes otorgan la escritura de cancelación de la hipoteca que aseguraba el resto de parte del precio que fué aplazado, y en ella refieren que la casa estaba enclavada "en un solar propio." Esta última expresión, de uso corriente en la descripción de fincas urbanas, en

sentido de que casa y solar forman un solo cuerpo pertene-
ciente a un mismo dueño, parecía significar la admisión implí-
cita de que el solar había quedado incluído en la misma
transacción.  Aparentemente los otorgantes reconocían que
no les quedaba o tenían ningún interés o título en el total de
la finca.  Mucho más tarde, en septiembre 10, 1920, la com-
pradora inició la información de dominio y en ella se alegó
que la casa estaba enclavada en un solar propio, describién-
dose sus medidas superficiales, y así fueron notificadas las
demandantes, aprobándose el expediente sin oposición de su
parte.  En abril 10, 1924, es que se presentó la demanda de
este pleito.

De todo esto se desprende que las demandantes contaron
con oportunidades razonables, no obstante sus propias admi-
siones de haberse informado mejor de la condición legal de
su título de modo que si la otra parte actuó bajo aquellas
admisiones, obteniendo finalmente la inscripción de la casa
y solar en el registro, ellas deben sufrir las consecuencias
naturales de su propia conducta, o representaciones, y no
pueden ahora quejarse de que la venta no se llevó a efecto
conforme a la intención que la causante de los demandados
creyó haberla realizado.

Por todo lo expuesto, debe *confirmarse la sentencia
apelada.*